IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ORIX FINANCIAL SERVICES, INC.                                                PLAINTIFF

vs.                                                                                            No. 1:04CV327-D-A

ALLIED WORLD ASSURANCE
COMPANY (U.S.), INC.; et al.                                                    DEFENDANTS

OPINION GRANTING PLAINTIFF'S MOTIONS TO DISMISS, DENYING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT,
AND DENYING DEFENDANT'S MOTION TO DISMISS

Presently before the court are the Plaintiff's motions to dismiss counterclaims, the Defendants' motions for summary judgment, and the Defendant's motion to dismiss or for summary judgment. Upon due consideration, the court finds that the Plaintiff's motions should be granted and the Defendants' motions should be denied.

*A. Factual Background*

In September of 1997, Commercial Underwriters Insurance Company issued a policy of insurance to the Defendants Kenneth and Gayle Work and Kenneth Work Logging (collectively "Work" or "the Works") that provided coverage for logging equipment. Thereafter, between March and May of 1998, Work purchased and/or refinanced additional logging equipment on credit, with a security interest in the subject equipment being assigned to the Plaintiff Orix Financial Services, Inc. (Orix). In addition, Orix was named as the loss payee in the Commercial Underwriters policy of insurance that covered all of the subject equipment.

In June of 1998, shortly after the subject equipment was purchased, the equipment was extensively damaged by vandals. Work's insurer, Commercial Underwriters, denied liability, which led to Work filing suit against Commercial Underwriters in December of 1998. Work was

represented by the Defendant Jim Waide in that litigation. In August of 2001, Work prevailed in that lawsuit and was awarded $325,000 for the vandalism damage to the equipment. Commercial Underwriters paid the judgment, the proceeds of which were distributed to Work, Waide, and the Internal Revenue Service. Thereafter, on October 18, 2004, Orix filed this suit seeking to recover the proceeds of the insurance policy, to which Orix contends it is entitled as the loss payee. Orix claims that the insurer, the Works, and the Works' attorney (Waide) are liable to it because Commercial Underwriters paid the August 21, 2001, judgment to Work and Waide, rather than to Orix. The Works and Waide have counterclaimed for malicious prosecution, fraud, violation of the Truth In Lending Act, violation of the Uniform Commercial Code, and breach of an oral agreement. Orix has filed a motion to dismiss these counterclaims; the Works and Waide have subsequently conceded all of their counterclaims except the claim for malicious prosecution. In addition, the Works and Waide have filed two motions for summary judgment as to Orix's claims, and the Defendant insurer Allied World Assurance Company (U.S.), Inc. *f/k/a* Commercial Underwriters Insurance Company (Allied) has also filed a motion to dismiss Orix's claims pending against it.

### B. Standard for Dismissal

In ruling on motions to dismiss under Rule 12(b)(6), the court must take as true the well-pled allegations in the complaint and construe them in the light most favorable to the complainant. C.C. Port, Ltd. v. Davis–Penn Mtg. Co., 61 F.3d 288, 289 (5th Cir. 1995). Taking the complainant's allegations as true, the court should dismiss a complaint only when it appears certain that the complainant cannot prove any set of facts that would entitle them to the relief requested. C.C. Port, Ltd., 61 F.3d at 289. Dismissal is never warranted solely because the court believes the complainant is unlikely to prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40

L. Ed. 2d 90 (1974).

In addition, as to the Defendant Allied's motion to dismiss, the Defendant has submitted proof not contained within the pleadings. The court may consider such evidence in evaluating a motion to dismiss, but in doing so must treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(b). The court declines to do so here because the parties have not yet completed discovery and it is generally inappropriate for the court to consider a summary judgment motion before the completion of discovery (although the court here is considering and ruling on the other Defendants' motions for summary judgment because further discovery does not appear likely to impact the court's ruling on their motions). See Gunaca v. State of Texas, 65 F.3d 467, 469 (5th Cir. 1995) ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery . . ."); Willis v. Rouche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995) (noting that entry of summary judgment is appropriate "after adequate time for discovery"). As such, the court will not consider matters outside of the pleadings and will treat the Defendant Allied's motion strictly as one to dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure and shall apply the above-denoted standard in adjudicating the motion.

As for the other Defendants' motions for summary judgment, a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the

non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

*C. Discussion*

1. The Plaintiff's Motions to Dismiss

The Plaintiff has moved to dismiss the Defendants Work and Waide's pending counterclaims. In the Defendants' response to the Plaintiff's motion to dismiss their counterclaims, the Defendants Work and Waide concede all of their counterclaims except for the malicious prosecution claim. As such, the court shall consider these claims to be voluntarily dismissed and shall grant the Plaintiff's motion to dismiss them.

As for the malicious prosecution counterclaim, the court finds that the Plaintiff's motion to dismiss it is also well-taken and should be granted. It is axiomatic that a claim for malicious prosecution does not accrue until the day the underlying proceeding has been terminated; such a

claim is premature prior to that time. Heller v. Namer, 666 F.2d 905, 914 (5th Cir. 1982); Cheramie v. Associates Discount Corp., 428 F.2d 1227 (5th Cir. 1970); Olsen v. Puntervold, 338 F.2d 21, 22 (5th Cir. 1964); City of Mound Bayou v. Johnson, 562 So. 2d 1212, 1217 (Miss. 1990); Coleman v. Smith, 841 So. 2d 192, 194 (Miss. Ct. App. 2003). Because the underlying proceeding here (Orix's action) has not yet been terminated, the Defendants' counterclaim for malicious prosecution is premature and is properly dismissed without prejudice at this juncture. Accordingly, the court finds that all pending counterclaims in this action are dismissed.

2. The Defendants Work and Waide's Motions for Summary Judgment

The Defendants Work and Waide have filed two separate motions for summary judgment, with one motion supplementing the other. In reviewing the motions, the court finds that genuine issues of material fact exist, and that the Defendants has failed to show that they are entitled to judgment as a matter of law. Further, the court has the discretion, which it exercises here, to allow the Plaintiff's claims to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."). Therefore, the court finds that the Defendants' motions for summary judgment should be denied.

3. The Defendant Allied's Motion to Dismiss

As alluded to previously, the Defendant Allied has filed a motion to dismiss pursuant to Rule 12(b)(6). The court, after considering only the pleadings in this action, and taking the facts alleged in the complaint as true, finds that the Defendant has failed to show that "it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks." See C.C. Port, Ltd.,

61 F.3d at 289. As such, the Defendant's motion to dismiss the Plaintiff's pending claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 9th day of August 2005.

/s/ Glen H. Davidson
Chief Judge